**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CV 12-1997-GHK(Ex) |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATION AND ORDER |
| ALLEN PAZ, | ) | TO SHOW CAUSE RE CONTEMPT |
| Defendant. | ) | |
| _____ | ) | |

IT IS ORDERED that Allen Paz ("Paz") shall appear on October 21, 2013, 2013, at 9:30 a.m., in the Courtroom of the Honorable George H. King, Chief United States District Judge, and then and there shall show cause, if there be any, why Paz should not be adjudged in contempt by reason of the facts certified herein.

///

///

///

///

///

///

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1.   On September 13, 2012, this Court entered a "Default Judgment by Court" against Paz and in favor of Plaintiff.

2.   On January 15, 2013, Plaintiff filed an "Application and Declaration for Order and Appearance of Judgment Debtor," seeking an order that Paz appear before the Magistrate Judge for a judgment debtor examination.

3.   On January 16, 2013, the Magistrate Judge issued an "Order to Appear and Examination of Judgment Debtor," requiring that Paz appear before the Magistrate Judge on March 8, 2013, in Courtroom 20 at 9:30 a.m. for a judgment debtor examination.

4.   A proof of service filed by Plaintiff on February 22, 2013, purportedly reflects a February 16, 2013 personal service on Paz of the Magistrate Judge's "Order for Appearance and Examination of Judgment Debtor."

///

---

[1]   The question of whether Paz should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to  the District Judge for his consideration.  See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3rd Cir. 1992).  The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case.  See 28 U.S.C. § 636(e).

5.    On March 8, 2013, at 9:30 a.m. in Courtroom 20, counsel for Plaintiff appeared for Paz's examination but Paz failed to appear at that time and place.

6.    On March 11, 2013, Plaintiff filed a "Request to Continue Debtor's Examination."  On the same date, the Magistrate Judge issued an "Order re Debtor's Examination," continuing the judgment debtor examination of Paz to May 17, 2013, at 9:30 a.m. in Courtroom 20.

7.    A proof of service filed by Plaintiff on March 25, 2013, purportedly reflects a March 17, 2013 personal service on Paz of the Magistrate Judge's March 11, 2013 "Order re Debtor's Examination."

8.    On May 17, 2013, at 9:30 a.m. in Courtroom 20, counsel for Plaintiff appeared for Paz's examination, but Paz failed to appear at that time and place.

9.    On May 20, 2013, Plaintiff filed another "Request to Continue Debtor's Examination."  On May 21, 2013, the Magistrate Judge issued another "Order re Debtor's Examination," continuing the judgment debtor examination of Paz to August 23, 2013, at 9:30 a.m. in Courtroom 20.

10.   A proof of service filed by Plaintiff on July 3, 2013, purportedly reflects a June 23, 2013 personal service on Paz of the Magistrate Judge's May 21, 2013 "Order re

1   Debtor's Examination."

2

3   11.  On August 23, 2013, counsel for Plaintiff appeared for

4   Paz's examination, but Paz failed to appear at that time

5   and place.  The Magistrate Judge then directed counsel for

6   Plaintiff to submit a proposed certification of the

7   contempt-relevant facts.

8

9   12.  On September 3, 2013, Plaintiff filed an "Application

10  for Order to Show Cause re: Contempt for Failure to Appear

11  at Judgment Debtors Examination."  Accompanying the

12  application was a "[Proposed] Certification of Facts, etc."

13  Because the "[Proposed] Certification of Facts, etc."

14  includes matters as to which the Magistrate Judge lacks

15  personal knowledge and cannot properly take judicial

16  notice, the Magistrate Judge has declined to adopt the

17  "[Proposed] Certification of Facts, etc."  Instead,

18  Magistrate Judge now issues the present certification.

19

20

21      DATED: September 4, 2013.

22

23

24          _____/S/_____
                    CHARLES F. EICK
25          UNITED STATES MAGISTRATE JUDGE

26

27

28

                            4